**FIDELITY TRUST CO. OF NEW YORK et al. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION. SUZUKI CO., Limited, et al. v. SAME. SHINDO v. SAME.**

(District Court, S. D. New York. November 10, 1926.)

**1. Admiralty ⬥=34—Libels against United States Shipping Board Emergency Fleet Corporation are not barred by two-year statute of limitation (Suits in Admiralty Act, § 5 [Comp. St. § 1251¼d]).**

Suits in Admiralty Act (Comp. St. §§ 1251¼–1251¼l) does not provide exclusive method of litigating issues raised by libels for cargo damage and delay against the United States Shipping Board Emergency Fleet Corporation, so as to bar actions under 2-year limitation in Comp. St. § 1251¼d.

**2. United States ⬥=52½ [New, vol. 19A Key-No. Series].**

The United States Shipping Board Emergency Fleet Corporation is not entitled to immunities of sovereign.

In Admiralty. Separate libels by the Fidelity Trust Company of New York and others, by the Suzuki Company, Limited, and others, and by Michitaro Shindo against the United States Shipping Board Emergency Fleet Corporation. On respondent's motion to quash for lack of jurisdiction. Motion overruled, with directions.

Forrest E. Single, of New York City, for libelants.

Emory R. Buckner, U. S. Atty., and Walter Schaffner, Sp. Asst. U. S. Atty., both of New York City, for respondent.

WINSLOW, District Judge. The respondent, appearing specially in the above actions, moves to quash the citation and the return thereon, on the ground that they are insufficient in law to give this court jurisdiction over the person of this respondent, or the subject-matter of the libel herein. The libelant made counter motions to strike from the files, in whole or in part, various affidavits and copies of resolutions presented by the respondent on its motion, and objected to the hearing of the motion to quash.

The respondent appeared specially, for the purpose of the motion only, contesting the jurisdiction of the court, and for no other purpose. On final submission of the motions, the libelants have withdrawn the objections to consideration of the motion to quash. There, therefore, remains for the court only respondent's motions to quash on the ground of lack of jurisdiction.

These libels were filed to recover for cargo damage and cargo delay for shipments on the steamship Niawa, of which, it is al-leged, the respondent, United States Shipping Board Emergency Fleet Corporation, was at the time in possession and the owner pro hac vice. The cargo was shipped in the months of June, July, and August, 1920. Citation was issued and served in August–September, 1926, upon one of the district officers of the respondent within this district; respondent being a corporation organized under the laws of the District of Columbia, by the United States Shipping Board, pursuant to law. All of the capital stock of respondent is owned by the United States and its representatives. It appears from the record that since July, 1921, the steamship Niawa, on which these goods were shipped, has been within the territorial waters of the United States and of the Eastern District of Pennsylvania.

[1] The question for the court to determine is whether the Suits in Admiralty Act (Comp. St. § 1251¼–1251¼l) provides an exclusive method of litigating the issues raised by these libels against this respondent. If the Suits in Admiralty Act is exclusive, the actions are barred by the two-year statute of limitation. Comp. St. § 1251¼d. The Suits in Admiralty Act also provides for service of copy of the libel on the United States attorney in the district, and upon the Attorney General. The questions involved in these motions have been the subject of inquiry and decision in this and other circuits.

In Buffalo Furnace Co. v. U. S. Shipping Board Emergency Fleet Corp., 291 F. 23 (C. C. A. 2d Circuit), Judge Mayer said: "Defendant may sue and be sued like any private corporation, and its legal status in such respect is discussed in and settled by Sloan Shipyards v. United States Shipping Board Emergency Fleet Corporation. 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762."

[2] The suit at bar is in personam against the Fleet Corporation. It is not entitled to the immunities of the sovereign. Dietrich v. U. S. Shipping Board Emergency Fleet Corp. (C. C. A.) 9 F.(2d) 733, 739.

Judge Hand, in an action in personam in this district, Smith v. U. S. Shipping Board Emergency Fleet Corp. (D. C.) 2 F.(2d) 390, involving a matter of cargo damage, where an objection was made similar to the objection raised herein, held that he could find "no basis for the contention that the libelants must proceed under the Suits in Admiralty Act. * * * It [Suits in Admiralty Act] in no way prevents a suit either in admiralty or at common law against the Emergency Fleet Corporation, which is re-

garded as a private corporation in respect to such remedies"—citing Sloan Shipyards v. U. S. Shipping Board Emergency Fleet Corp., 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762.

Judge Campbell, in the case of Stewart v. U. S. Shipping Board Emergency Fleet Corp. (D. C.) 7 F.(2d) 676, takes a similar view, citing authorities sustaining his conclusion.

The questions have been so fully discussed in this and other jurisdictions that I do not feel it necessary to add to the literature on the subject.

The motion to quash will be overruled, and the respondent will be directed to appear herein generally and answer.